**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
**VYACHESLAV FETISOV, et al.,**

                            **Plaintiffs,**

             -against-

**AY BUILDERS, INC., et al.,**

                         **Defendants.**
-------------------------------------------------------------x

**MEMORANDUM AND ORDER**

**10-CV-3683 (FB)**

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

Ignoring the Court's prior admonition that no further extensions of the discovery deadlines would be granted, see Minute Entry (May 12, 2011), ECF Docket Entry ("DE") #27, the parties have requested yet another extension of the fact discovery deadline, which expired on July 27, 2011. See Counsel's Letter to the Court (July 26, 2011) ("7/26/11 Letter"), DE #32. As the parties have not established good cause for reopening discovery for all purposes, see Fed. R. Civ. P. 16(b)(4), the Court grants their application to the following limited extent only:

The parties report that the principal of plaintiff's replacement contractor, whom they characterize as a "key witness," is currently incarcerated in New Jersey and reportedly scheduled to be released in September. See 7/26/11 Letter at 1-2. The parties ask that the fact discovery deadline be extended "to a date 30-days after his release." Id. at 2.[1] The Court declines to grant such an open-ended request. The parties will be permitted to conduct a deposition of the replacement contractor up until September 12, 2011. If he is not scheduled to

---

[1] The parties have not apprised the Court of the release date, although they expected to acquire that information by the end of last week. See 7/26/11 Letter at 2.

be released before that deadline, the parties shall make arrangements with the facility where he is incarcerated to conduct the deposition at the facility.

Court-supervised fact discovery has otherwise ended. The parties are free to voluntarily engage in further document discovery, but without judicial supervision.

The parties also request a "corresponding extension of the deadlines to serve expert disclosure, . . . and an adjournment of the settlement conference currently scheduled for September 19." Id. at 2. However, the parties provide no information regarding the expert testimony (if any) on which they intend to rely,[2] nor do they explain why expert disclosure cannot be completed by the extended deadlines set by the Court on June 10, 2011. See 6/10/11 Minute Entry at 2. Therefore, the expert disclosure deadlines remain unchanged and the September 19th settlement conference will go forward as scheduled.

**SO ORDERED.**

Dated:     Brooklyn, New York
            August 2, 2011

                                                 ROANNE L. MANN
                                                 UNITED STATES MAGISTRATE JUDGE

---

[2] Indeed, at the time the Court set the current schedule, plaintiffs apparently were not even certain that they would be relying on expert testimony. See Minute Entry (June 10, 1011) ("6/10/11 Minute Entry") at 2, DE #31.