UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
VYACHESLAV FETISOV, et al.,

                    Plaintiffs,

           -against-

AY BUILDERS, INC., et al.,

                    Defendants.
------------------------------------------------------------x

MEMORANDUM
AND ORDER

10-CV-3683 (FB)

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

      As the parties have rejected the Court's settlement proposal, the Court must resolve plaintiffs' pending motion for leave to conduct a video conference deposition of a non-party witness, Vachtung Manya, over defendants' objection. See Motion for Extension of Time to Complete Discovery (Nov. 3, 2011) ("Pl. Motion"), ECF Docket Entry ("DE") #42; Response to Motion (Nov. 7, 2011) ("Def. Opp."), DE #44; Reply in Support of Motion (Nov. 8, 2011) ("Pl. Reply"), DE #45. For the reasons that follow, plaintiffs' motion is denied.

## FACTUAL BACKGROUND

      This breach of contract case was filed on August 12, 2010. The Court directed the parties to exchange initial disclosure by November 9, 2010, and to complete fact discovery by April 15, 2011. See Minute Entry (Nov. 4, 2010), DE #10. At the parties' request, the Court extended the fact discovery deadline to May 13, 2011, see Endorsed Order (March 7, 2011), DE #14, and thereafter to July 27, 2011. See Endorsed Order (May 12, 2011), DE #27; see also Memorandum and Order (Sept. 8, 2011) at 1, DE #38 (reiterating that "discovery ended

on July 27, 2011").[1]  Expert disclosure concluded on September 7, 2011.  See Endorsed Order (March 16, 2011), DE #16; Minute Order (June 10, 2011) at 2, DE #31; 8/2/11 M&O at 2.  By order dated September 13, 2011, the parties were directed to file requests for a premotion conference by September 20, 2011.  See Endorsed Order (Sept. 13, 2011), DE #40.  No such request was ever filed.

Instead, nearly two months later, plaintiffs filed their pending motion to depose a non-party witness whom they describe as a "critical witness," Pl. Motion at 3, who allegedly delivered $400,000 cash from plaintiffs to defendants.  Id. at 2.  Plaintiffs concede, as they must, that Mr. Manya's identity was not disclosed in either plaintiffs' Rule 26(a) initial disclosures (which were due more than a year ago), nor was Mr. Manya disclosed in response to defendants' Interrogatory No. 1, which sought the identities of all persons "having knowledge of any facts that in any way relate to the claims or defenses in this action."  See Def. Opp. at 1; id. Ex. A, B.[2]  As justification for this failure to comply with their discovery obligations, plaintiffs contend that they "were just recently able to locate Mr. Manya, who is retired and lives with his daughter in San Francisco, California."  Pl. Motion at 2.  Plaintiffs further argue that they "have been at a substantial disadvantage in gathering relevant facts and information in connection with this case, as they reside in Moscow . . . ."  Pl. Reply at 1.

---

[1]  The Court approved only a limited exception to the July 27th fact discovery deadline:  the parties were authorized to conduct the deposition of plaintiffs' replacement contractor, who reportedly was incarcerated, on or before September 12, 2011.  See Memorandum and Order (Aug. 2, 2011) ("8/2/11 M&O") at 1, DE #33.

[2]  At the settlement conference held on November 21, 2011, defense counsel advised that Mr. Manya's name came up during the deposition of plaintiff Vyacheslav Festisov, but that he testified that Mr. Manya delivered $275,000 in cash, not $400,000.

Notably, plaintiffs did include in their initial disclosures the name of another witness (Alex Zaretsky) whose address was unknown. See Def. Opp. at 2; id. Ex. A.

## DISCUSSION

Pursuant to Rule 16(b)(4) of the Federal Rules of Civil Prcedure, "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Plaintiffs have failed to make the requisite showing of good cause for reopening discovery nearly five months after it concluded and more than a year after plaintiffs were required to provide, as part of their initial disclosure, "the name and, *if known*, the address and telephone number of each individual likely to have discoverable information -- along with the subjects of that information -- that the disclosing party may use to support its claims or defenses . . . ." Fed. R. Civ. P. 26(a)(1)(A)(i) (emphasis added). That the plaintiffs may not have had a current address for Mr. Manya does not excuse their failure to disclose his identity, and the subject of his anticipated testimony, as part of their initial disclosure, and in response to defendants' Interrogatory No. 1. Cf. Def. Opp. Ex. A (disclosing identity of Alex Zaretsky, "address unknown").

Significantly, when asked at the November 21st settlement conference why Mr. Manya had not been identified in plaintiffs' disclosures, their counsel replied that he did not know why; Mr. Manya simply "fell between the cracks." Furthermore, in response to the Court's inquiry as to what efforts plaintiffs' counsel had made to locate Mr. Manya, he replied that he had made none, and that he did not know what if any efforts his clients had made. In the face of this utter lack of diligence on plaintiffs' behalf, the Court cannot in good conscience make a finding of good cause for reopening discovery at this late date. Plaintiffs' protestation that

"the discovery process and trial is [sic] a search for the truth," Pl. Reply at 1, is not a sufficient basis on which to disregard the clear mandate of Rule 16(b)(4).[3]

In opposing plaintiffs' motion to reopen discovery, defendants cite a decision of Magistrate Judge James Orenstein, which denied a similar request to add a previously undisclosed witness to the parties' Joint Pretrial Order ("JPTO"). See Def. Opp. at 2 (citing Alfano v. Nat'l Geographic Channel, No. CV 06-3511 (NG)(JO), 2007 WL 2982757 (E.D.N.Y. Oct. 5, 2007)).[4] As Judge Orenstein observed:

> Discovery has closed. Allowing [the plaintiff] to add [the witness's] name to the JPTO would[] result in one of two forms of unfairness: it would either allow him to present [the witness's] testimony without the level of pretrial disclosure that would put the defendants in a position fairly to meet it, or it would require me to re-open discovery for extensive and costly proceedings to explore not only [the witness's] testimony, but other information, including the testimony of several other witnesses, pertinent to the subject matter of that testimony. In short, [the plaintiff's] abuse of the discovery process has created a situation in which one side or the other must bear a burden that timely disclosure would have avoided; either [the plaintiff] must do without testimony he deems relevant and useful, or the defendants must choose between added litigation costs and lack of preparation for trial. Since I must decide which party should bear the burden of [the plaintiff's] improper discovery tactics, I conclude it is only fair that [the plaintiff] himself should do so.

Alfano, 2007 WL 2982757, at *2.

---

[3] Moreover, plaintiffs' reference to the "search for the truth" is undermined by the inconsistency between Mr. Fetisov's deposition testimony and their proffer as to Mr. Manya's anticipated testimony. See *supra* note 2.

[4] Notably, Judge Orenstein rejected the plaintiff's argument that he had satisfied his disclosure obligations by referencing the witness during the plaintiff's deposition testimony: "[Plaintiff's] mere mention of [the witness] during his deposition was patently insufficient to alert the defendants to the salient point: that [the plaintiff] might call [the witness] to testify in support of [the plaintiff's] claims." Alfano, 2007 WL 2982757, at *1.

As in Alfano, the defendants in this case would be unfairly prejudiced if, after the completion of fact and expert disclosure, the Court permitted plaintiffs to conduct the deposition of a witness long known to them but whose role as a potential witness was withheld from defendants for the past year.[5]  Plaintiffs have not shown substantial justification for their violations of Rule 26(a) of the Federal Rules of Civil Procedure.  Under these circumstances, the Court declines to reopen discovery to permit the deposition of Vachtung Manya.  Furthermore, having considered other, lesser sanctions, the Court concludes that plaintiffs should not be permitted to include Mr. Manya as a witness in the JPTO.  See Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.").

The parties are directed to serve and file their JPTO pursuant to the following schedule: Plaintiffs' portion shall be served by December 6, 2011; defendants' shall be served by December 13, 2011; the combined JPTO shall be filed via ECF by December 20, 2011.

**SO ORDERED.**

Dated: 	Brooklyn, New York
	November 28, 2011

			ROANNE L. MANN
			UNITED STATES MAGISTRATE JUDGE

---

[5]  Although defendants concede that Mr. Manya was a mutual acquaintance, they dispute that he acted as a courier of cash in connection with the transactions at issue in this case.