UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
VYACHESLAV FETISOV and LADLENA FEDISOV,

                Plaintiffs,              **MEMORANDUM AND ORDER**

    -against-                            Case No. 10-CV-3683 (FB) (RLM)

AY BUILDERS, INC., OLEG MAY, and YURI ROBERMAN,

                Defendants.
------------------------------------------------------------x

*Appearances:*

| *For the Plaintiffs* | *For the Defendants* |
|---|---|
| DANIEL GILDIN, ESQ. | JAMES J. TERRY, ESQ. |
| KEVIN M. SHELLEY, ESQ. | JEFFREY TOM YICKS, ESQ. |
| Kaufmann, Gildin, Robbins & Oppenheim LLP | MICHAEL S. ZETLIN, ESQ. |
| 777 Third Avenue | Zetlin & De Chiara LLP |
| 24th Floor | 801 Second Avenue |
| New York, NY 10017 | 17th Floor |
| | New York, NY 10017 |

**BLOCK, Senior District Judge:**

        Plaintiffs Vyacheslav and Ladlena Fedisov seek reconsideration and modification of Magistrate Judge Roanne L. Mann's November 28, 2011, order denying their application for leave to re-open discovery to depose a non-party witness. That motion is denied for the reasons that follow.

**I**

        This case arises out of an agreement between the parties that defendants would renovate plaintiffs' house for $1.5 million. Plaintiffs allege that they paid defendants' in full, but the work had various deficiencies and they were compelled to hire a replacement general contractor to complete the project. As part of the $1.5 million payment, plaintiffs' contend, they gave defendants approximately $400,000 in cash. Defendants deny ever receiving cash payments.

On August 12, 2010, plaintiffs commenced this action for breach of contract, fraud, money had and received, and unjust enrichment. Magistrate Judge Mann directed the parties to complete fact discovery by April 15, 2011, and subsequently extended the deadline, at the parties' request, first to May 13, 2011, and then to July 27, 2011. She also granted the parties' request to extend the discovery deadline to September 12, 2011 for the limited purpose of deposing the replacement contractor.

On November 3, 2011, plaintiffs moved to depose Vachtung Manya, who they allege delivered $275,000 in cash payments to defendants. They had not referenced Manya in their Rule 26(a) disclosures or in response to defendants' interrogatory requesting information about individuals "having knowledge of any facts that in any way relate to the claims or defenses in this action." In denying the motion, Magistrate Judge Mann reasoned that plaintiffs "failed to make the requisite showing of good cause for reopening discovery" and that defendants "would be unfairly prejudiced" by Manya's deposition. She ordered that plaintiffs were precluded from calling Manya as a witness at trial.

## II

The Court will set aside a magistrate judge's discovery order only if it is "clearly erroneous or is contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *see also Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990). Magistrate judges have broad discretion in resolving discovery disputes, and a party seeking to overturn a discovery order "generally bears a heavy burden." *Mental Disability Law Clinic v. Hogan*, 739 F. Supp. 2d 201, 203-04 (E.D.N.Y. 2010).

A discovery schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Plaintiffs' explanations as to why they first sought to depose Manya in November 2011 are (1) that they "inadvertently failed to inform [their] counsel" that

2

some of the cash payments were made through Manya, and (2) that they did not have an address for Manya, who they believed until October 2011 to be living in Moscow, and he did not return their phone calls.  Ladlena Fetisov Decl. ¶¶ 3, 6.  Magistrate Judge Mann acted within her discretion in concluding that these explanations do not constitute good cause for reopening discovery.  As she noted, plaintiffs' inability to successfully contact Manya does not account for their failure to inform defendants in their initial disclosures or at any time during discovery that Manya had relevant information and they wanted to call him as a witness.

        Plaintiffs argue that preclusion of Manya's testimony is an erroneously harsh sanction.  Rule 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. Pro. 37(c)(1).  In determining whether to preclude evidence under Rule 37, a Court should consider "(1) the party's explanation for the failure to comply with the [disclosure requirement]; (2) the importance of the testimony of the precluded witness[es]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006) (quoting *Softel, Inc. v. Dragon Med. & Scientific Commc'ns, Inc.*, 118 F.3d 955, 961 (2d Cir. 1997).

        Applying these factors, it is evident that Magistrate Judge Mann did not err in precluding Manya's testimony.  First, plaintiffs' explanations do not justify their failure to comply with Rule 26's requirements.  Even if they lacked Manya's contact information, plaintiffs could have disclosed his identity as someone with knowledge of the payments.  Second, Manya's testimony is of minimal importance; it corroborates plaintiffs' version of events, but it is not necessary to prove any fact.  For the same reason, defendants would be only slightly prejudiced.

3

While they were unable to conduct discovery and prepare for trial with knowledge of Manya's testimony, that testimony does not contain new information. Finally, a continuance is possible, though further delay is not desirable. Balancing these factors, some of which favor preclusion and some of which weigh against it, Magistrate Judge Mann's decision was neither clearly erroneous nor contrary to law.

**SO ORDERED.**

_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
January 23, 2012